IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 06-702-2 |
| | : | |
| JOHN RICCIO | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                        September 17, 2007

John Riccio was convicted on all counts in a five-count indictment on June 11, 2007, after a jury trial for various drug possession and distribution charges. At that time, the defense moved under Federal Rule of Criminal Procedure 29 for a judgment of acquittal. I denied this motion. On June 18, 2007, the Defendant renewed his motion for judgment of acquittal pursuant to Rule 29(c)(1), citing insufficiency of the evidence produced at trial to sustain the convictions. The Government argues that the evidence was sufficient to support the jury's verdict. For the reasons set forth below, I will deny the Defendant's motion in its entirety.

**I.    BACKGROUND**

On June 11, 2007, a jury convicted John Riccio of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846, possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1), possession of marijuana with intent to distribute in

violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).

The defense first moved for a judgment of acquittal on June 11, 2007, following the close of the government's case-in-chief, and renewed its motion at the conclusion of the trial the same day.  I denied both motions.  Pursuant to Federal Rule of Criminal Procedure 29(c)(1), Mr. Riccio timely submitted a renewed motion for judgment of acquittal on June 18, 2007, requesting additional time to obtain a trial transcript and to supplement his motion with a memorandum of law.[1]  I granted the request.  However, Mr. Riccio has not met the deadline specified in my order, and his original motion for judgment of acquittal is therefore properly before me.

With respect to the conspiracy count, Mr. Riccio argues that the government's evidence was insufficient to establish a unity of purpose, an intent to achieve a common goal, or an agreement to work together toward that goal between himself and any alleged conspirator.  Mr. Riccio also insists that the government's evidence was insufficient to show that he aided and abetted in possession of a firearm in furtherance of drug trafficking.  The Defendant's motion does not dispute the jury's guilty verdict on the other counts in the Indictment.

---

[1] In its response to the Defendant's renewed motion for judgment of acquittal, the Government argued that the Defendant's motion was not timely filed.  I ruled on this issue in my order granting Mr. Riccio an extension of time to file a supporting memorandum of law for his motion (Docket No. 73).  See FED. R. CRIM. P. 45(a)(2) (explaining how to calculate any period of time specified by the rules).

**II.     STANDARD OF REVIEW**

A defendant challenging the sufficiency of the evidence bears a heavy burden. Granting relief under Rule 29 is "confined to cases where the prosecution's failure is clear." United States v. Leon, 739 F.2d 885, 891 (3d Cir. 1984)).  In reviewing such a motion, I must view the evidence in the light most favorable to the Government and may not weigh the evidence or make credibility determinations.  United States v. Giampa, 758 F.2d 928, 934-935 (3d Cir. 1985).  Relief is only appropriate "if no reasonable juror could accept the evidence as sufficient to support the conclusion of the Defendant's guilt beyond a reasonable doubt." United States v. Coleman, 811 F.2d 804, 807 (3d Cir. 1986) (citing United States v. Castro, 776 F.2d 1118, 1125 (3d Cir. 1981)).  Stated another way, I must determine whether "a reasonable jury believing the Government's evidence could find beyond a reasonable doubt that the Government proved all the elements of the offenses." United States v. Salmon, 944 F.2d 1106, 1113 (3d Cir. 1991); Coleman, 811 F.2d at 807.

**III.    DISCUSSION**

My analysis of the evidence produced at trial is that it is sufficient to support the jury's verdict.  The bulk of the Government's case against Mr. Riccio was based on the work of undercover Detective Crisafulli of the Easton Police Department and the FBI Task Force.  According to the record, Detective Crisafulli first met with the Defendant and his step-brother, James Miller, at Miller's house at 102 Bruce Lane, on October 13,

2006.  During this visit Riccio openly discussed a marijuana sale with Detective Crisafulli, displaying a large bag of marijuana.  Detective Crisafulli also observed an elaborate surveillance system used to monitor the house, including wireless cameras, motion detectors and an operable radio scanner that was scanning live police radio communications at the time of the visit.  On this occasion, Detective Crisafulli purchased $50 worth of marijuana from Riccio and the two discussed a future purchase of two ounces of methamphetamine.

On October 27, 2006, Detective Crisafulli, acting undercover, returned to 102 Bruce Lane with $1000 in prerecorded United States currency to purchase methamphetamine from James Miller and the Defendant.  At this time, the Defendant indicated that Miller had left to make a delivery.  Upon Miller's return, the three entered the home and Detective Crisafulli exchanged the currency for approximately seven (7) grams of methamphetamine.  At trial, the Government provided evidence from the Pennsylvania State Police Crime Laboratory that the substance obtained by Crisafulli was methamphetamine.  The conversation between the Defendant, Miller and Detective Crisafulli was recorded and played for the jury at trial.

On November 15, 2006, undercover Detective Crisafulli met with the Defendant at 102 Bruce Lane, arranging to buy at least $3000 worth of methamphetamine at $2400 per ounce.  This conversation was also recorded and later played for the jury at trial. Following the November 15, 2006 conversation, the case agent obtained a search warrant

for 102 Bruce Lance, along with arrest warrants for both the Defendant and Mr. Miller.

On November 20, 2006, Detective Crisafulli met with the Defendant and Miller at 102 Bruce Lane, acting in an undercover capacity, and exchanged $3000 in prerecorded United States currency for the equivalent in methamphetamine.  Miller gave Detective Crisafulli a single, one-ounce bag of methamphetamine taken from a black bag he had retrieved from one of the bedrooms.  Miller then weighed out an additional $600 worth of methamphetamine from another, larger bag.  Following this exchange, Detective Crisafulli left 102 Bruce Lane and reported to an entry team waiting outside the residence.

The search and arrest warrants were then executed.  The officers executing the search warrant recovered approximately 1,085 grams of additional methamphetamine, approximately 2, 290 grams of additional marijuana, approximately $69,542 in cash (in addition to the buy money), a loaded Ithaca Gun Co. .22 caliber rifle (no serial number), and a stolen .22 caliber Phoenix Arms pistol with serial number 4146141 (not loaded).  The officers also recovered two electronic scales, both containing methamphetamine residue and both matching the scales used in the sales to Detective Crisafulli.

Following his arrest, Mr. Riccio gave a post-<u>Miranda</u> statement to the case agent.  In his statement Mr. Riccio provided specific details about the methamphetamine operations including the time period of the operation, the name of the methamphetamine source, and the names of key customers.  Police also recovered from Mr. Riccio's wallet a

drug ledger page and documents containing names and telephone numbers of some of the suppliers and customers that Mr. Riccio had identified in his statement. In his statement, Riccio also acknowledged the presence of the stolen handgun in his home.

The Government has therefore offered direct evidence of Mr. Riccio's guilt as a co-conspirator and active participant in the drug sales at 102 Bruce Lane. This evidence includes live recordings of the Defendant participating in several drug sales with an undercover police officer, as well as uncontradicted police testimony describing these transactions. The Defendant's own post-Miranda statement, coupled with circumstantial evidence gathered through his arrest and the search of the 102 Bruce Lane residence, lends further support to the jury's finding of guilt with respect to the conspiracy and drug possession charges. Based on the foregoing, drawing all inferences in favor of the Government, I am convinced that a reasonable juror could find sufficient support for a conclusion of Mr. Riccio's guilt on these charges beyond a reasonable doubt.

Regarding the § 924(c)(1) count, the Government is not required to prove that Mr. Riccio had actual possession of the firearm; constructive possession is sufficient. United States v. Brown, 3 F.3d 673, 680 (3d Cir. 1993) (citing United States v. Iafelice, 978 F.2d 92, 96 (3d Cir. 1992)). Constructive possession requires that the Government show that an individual had both dominion and control over an object and knew about that object's existence. Id. Such dominion and control need not be exclusive and may be shared with others. United States v. Davis, 461 F.2d 1026 (3d Cir. 1972).

In this case, the Government provided sufficient evidence at trial to permit a reasonable jury to conclude beyond a reasonable doubt that the Defendant had both dominion and control over the weapons and the drugs recovered in the execution of the search warrant.  In addition to the guns themselves, the search of 102 Bruce Lane uncovered approximately 1,487 rounds of ammunition, including ammunition consistent with the stolen pistol, the rifle and other weapons.  During the series of conversations recorded by Detective Crisafulli and played for the jury at trial, the Defendant conducted himself as an active participant in the operation with full access to all areas of the home at 102 Bruce Lane and their contents.  Finally, Mr. Riccio himself acknowledged the presence of the stolen handgun in his home.  It is clear to me that a reasonable jury could accept this as sufficient evidence to support a finding of guilt on the § 924(c)(1) count beyond a reasonable doubt.

An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| v. | : | NO. 06-702-2 |
| | : | |
| **JOHN RICCIO** | : | |

## **O R D E R**

**AND NOW**, this 17th day of September, 2007, upon consideration of the defendant's Renewed Motion for Judgment of Acquittal under Federal Rule of Criminal Procedure 29(c) (Docket No. 69), and the response thereto (Docket No. 70), it is hereby **ORDERED** that the motion is **DENIED** in its entirety.

BY THE COURT:

/s/ Lawrence F. Stengel

LAWRENCE F. STENGEL, J.