## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| | : | |
| | : | |
| v. | : | NO. 06-702-2 |
| | : | |
| JOHN RICCIO | : | |

### M E M O R A N D U M

STENGEL, J.                                                      July 31, 2008

Mr. Riccio has moved for reconsideration of the denial of his Rule 29(c) motion.

He argues that his conviction of possessing a firearm in furtherance of a drug trafficking

offense, 18 U.S.C. § 924(c)(1) (Count Five (5) of the superceding indictment), should be

vacated in light of the Third Circuit's holding in United States v. Cunningham, No. 06-

3899, 2008 U.S. App. Lexis 3644 (3d Cir. Feb. 21, 2008).  After careful consideration of

Mr. Riccio's motion, of the Cunningham case, and of the trial record, I will decline to

disturb the jury's weighing of the evidence in favor of conviction.  Based on the

following, Mr. Riccio's request for a judgment of acquittal is denied.

## I.    BACKGROUND AND PROCEDURAL HISTORY

John Riccio was convicted on all counts in a five-count indictment on June 11,

2007, after a jury trial on various drug conspiracy and possession offenses (Counts 1-4),

and on the charge that he possessed two firearms, a pistol and a rifle, in furtherance of a

drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count 5).  On June 11,

1

2007, Mr. Riccio's trial counsel[1] moved for a judgment of acquittal at the close of the

government's case under Rule 29(a), and renewed his motion at the close of all the

evidence.  These motions were denied.  Mr. Riccio's prior counsel then timely filed a

Rule 29(c) motion, which was also denied by this Court on September 17, 2007

(Document #83).  Mr. Riccio was subsequently appointed new counsel.  He now

challenges the denial of his Rule 29(c) motion regarding solely the sufficiency of the

evidence to support his conviction for Count 5, possession of a firearm in furtherance of a

drug trafficking offense.

## II.    LEGAL STANDARDS

A.    Motion for Reconsideration

A motion for reconsideration will only be granted if the moving party establishes:

"(1) an intervening change in controlling law; (2) the availability of new evidence that

was not available when the court granted the motion for summary judgment; or (3) the

need to correct a clear error of law or fact or to prevent manifest injustice."  Max's

Seafood  v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); NL Indus, Inc. v. Commercial

Union Ins. Co., 65 F.3d 314, 324 n. 8 (3d Cir. 1995); see also Mash v. Twp. of Haverford

Dep't of Codes Enforcement, No. 06-4479, 2007 U.S. Dist. LEXIS 67265, at *6 (E.D. Pa.

Sept. 7, 2007).  "Motions for reconsideration are rarely granted due to the strong interest

in final judgments."  Retail Brand Alliance, Inc. v. Rockvale Outlet Center, LP, No. 06-

---

[1]This Court granted Mr. Riccio's request for appointment of new counsel on November
13, 2007 (Document #93).

1857, 2007 U.S. Dist. LEXIS 22989, at *2 (E.D. Pa. Mar. 28, 2007).

B.      Rule 29

    A defendant challenging the sufficiency of the evidence bears a heavy burden.

Granting relief under Rule 29 is "confined to cases where the prosecution's failure is

clear." United States v. Leon, 739 F.2d 885, 891 (3d Cir. 1984)).  In reviewing such a

motion, I must view the evidence in the light most favorable to the government and may

not weigh the evidence or make credibility determinations.  United States v. Greenridge,

495 F.3d 85, 93 (3d Cir. 2007); United States v. Giampa, 758 F.2d 928, 934-935 (3d Cir.

1985).  Relief is only appropriate "if no reasonable juror could accept the evidence as

sufficient to support the conclusion of the Defendant's guilt beyond a reasonable doubt."

United States v. Coleman, 811 F.2d 804, 807 (3d Cir. 1986) (citing United States v.

Castro, 776 F.2d 1118, 1125 (3d Cir. 1981)).  Stated another way, I must determine

whether "a reasonable jury believing the Government's evidence could find beyond a

reasonable doubt that the Government proved all the elements of the offenses."  United

States v. Salmon, 944 F.2d 1106, 1113 (3d Cir. 1991); Coleman, 811 F.2d at 807.

III.    DISCUSSION

    Mr. Riccio cites a recent Third Circuit decision to challenge his conviction for the

18 U.S.C. 924(c)(1) firearm count only.  He claims the evidence considered by the jury

did not support a guilty verdict on this count in light of the Third Circuit's holding in

United States v. Cunningham, No. 06-3899, 2008 U.S. App. Lexis 3644 (3d Cir. Feb 21,

2008).  As the defendant raises new and potentially controlling law on the evidence required to establish constructive possession, I will grant the motion to reconsider my denial of the Rule 29(c) motion.  However, after a full review of the record, I find that the Cunningham decision does not alter my original determination that Mr. Riccio's firearm conviction was soundly based on the evidence presented to the jury.  I will therefore deny the renewed Rule 29(c) motion in accordance with the following discussion.

In Cunningham, the defendant was convicted of possession of a firearm in furtherance of a drug trafficking crime on a theory of constructive possession.  Id. at *4.[2] The court found that the evidence did not demonstrate Cunningham's knowledge of the gun's existence, where the gun was, at all relevant times, located within a backpack on his co-defendant's person.  At no time did the evidence show that Cunningham knew of the backpack's contents or that his co-defendant was carrying a firearm.  Id. at *9-10.  The cautionary note emphasized in Cunningham was that a firearm conviction should not be a foregone conclusion, bootstrapped to the principal trafficking conviction.  "[A]lthough drugs and guns are often linked, the presence of one does not prove knowledge of the other."  Id. at *9.

---

[2]Constructive possession exists if an individual knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons.  Constructive possession necessarily requires both dominion and control over an object and knowledge of that object's existence.  United States v. Iafelice, 978 F.2d 92, 96 (3d Cir. 1992).

Mr. Riccio claims that the evidence of record does not show that he knew of the existence of the firearm contemporaneously with the methamphetamine operation that the two brothers were running out of their home. Instead, the gist of his argument is that the government shifted the burden of proof with respect to the firearm count, stating that Riccio had not shown a *lack* of access to or knowledge of the firearms. See Riccio Mot. ¶ 27. Mr. Riccio also claims that, in general, the government exaggerated other evidence that would circumstantially link him with the guns inside the house. For example, Riccio argues that the observation that "there was ammunition everywhere in the house" was clarified by ATF Agent Curry to show that the majority of the ammunition was actually located in a shed entered from outside the house. Id. at ¶ 31.

Citing United States v. Garth, 188 F.3d 99 (3d Cir. 1999), Mr. Riccio also challenges his conviction on the alternative theory of aiding and abetting, arguing that "the government offered absolutely no evidence of the essential elements of aiding and abetting." Riccio Mot. ¶ 34.[3] According to Mr. Riccio, evidence of his facilitation was entirely lacking from the record. Id. In Garth, the government failed to show that defendant knew of the relevant firearm at any time before his companions were searched

---

[3]To establish liability based on an aiding and abetting theory, the government must prove (1) that the substantive crime has been committed, and (2) the defendant knew of the crime and attempted to facilitate it . . .Thus, liability for aiding and abetting someone else in the commission of a crime requires the specific intent of facilitating the crime, and mere knowledge of the underlying offense is not sufficient for conviction. United States v. Garth, 188 F.3d 99, 113 (3d Cir. 1999). A defendant can be convicted of aiding and abetting a violation of § 924(c)(1) without ever possessing or controlling a weapon. Id. (citing United States v. Price, 76 F.3d 526 (3d Cir. 1996).

by authorities.  Garth, 188 F.3d at 114.  The Garth decision emphasizes that a successful aiding and abetting theory in support of a 924(c)(1) charge requires sufficient evidence that the defendant's actions were "intertwined with" the substantive crime involving the firearm, such that "[t]he actions of each furthered the actions of the other, and the [offense] succeeded because of the combined actions of both."  Id. at 113-14 (one perpetrator in bank robbery brandished a weapon while the other "scooped up the money").

The government's response emphasizes the strength of the circumstantial evidence linking Mr. Riccio to the firearms and the heavy burden required to vacate a jury's verdict.  In particular, the record contains ample evidence from which the jury could reasonably infer that Riccio knew about the firearms at all times relevant to the commission of the predicate drug trafficking crimes.  The government distinguishes this case from Cunningham (constructive possession) and Garth (aiding and abetting) on this ground.

While I will not attempt an exhaustive account of the evidence relevant to Mr. Riccio's motion, it is worth noting several key facts before the jury when it found Mr. Riccio guilty on Count 5.  First, the jury heard Mr. Riccio's own statements indicating that the entire operation was under his control.  (See, e.g., N.T. June 5, 2007, 51:25, "I just sent him out.")  Second, Mr. Riccio admitted after his arrest that he knew that the .22 caliber handgun had been present in the small house where he and his step-brother, James

6

Miller, ran the operation.  (<u>See</u> N.T. June 6, 2007, 222: 17-21.)  These statements lend

support to a finding by the jury that Mr. Riccio both knew about the guns, and was

sufficiently "intertwined" in the sophisticated drug trafficking operation that resulted in

his prosecution and conviction.  See <u>Garth</u>, 188 F.3d at 113-14.

The jury also heard evidence demonstrating the link between the firearms, the

house, and the defendants' highly involved drug operation.  The large quantities of

methamphetamine sold by the brothers (estimated to be worth over $80,000) were located

in the room with the guns, along with proceeds of previous sales.[4]  The government

presented evidence that weapons and ammunition were present during undercover drug

sales.  (<u>See, e.g.</u>, N.T. June 5, 2007, 211:18-20.)  Regardless of the government's

"misplaced" emphasis on the presence of ammunition throughout the house,[5] that totality

of the evidence was in the record and properly considered by the jury in making its

_____

[4](<u>See</u>, Riccio Mot. ¶ 31.)  In general, Mr. Riccio makes much of the fact that the government failed actually to place him inside the room where the guns were located (his brother's room) or to show directly that he had access to this room.  While relevant to the sufficiency of the evidence inquiry, this fact is not dispositive, and indeed, it is not convincing in light of the significant evidence that Mr. Riccio was intimately involved with the operation and knew about the firearms.  He faces a heavy burden in asking the Court to override the jury's consideration of all the evidence presented.

[5]Mr. Riccio argues that the government exaggerated the ammunition evidence in its closing argument, stating that "there were bullets everywhere."  (<u>See</u> Riccio Mot. ¶ 31.)  In its response to the present motion, the government asserts that "[t]he jury also heard that ammunition was found in the living room and in Riccio's own bedroom."  (<u>See</u> Gov't Resp. at 6.)  This claim is not supported by the transcript portion cited by the government.  I have disregarded it in making the present ruling.  At oral argument, the government also stated that Mr. Riccio at one point entered the bedroom containing the drugs and guns.  This is likewise not supported by the record and I have disregarded the government's statement.  (<u>See</u> N.T. May 5, 2008, 28:15-31:5.)

determination of guilt.  The record also contained evidence concerning the elaborate surveillance system set up by the defendants to monitor their operation.  (See, e.g., N.T. June 6, 2007, 211:20-23 (discussing presence of pit bull, electronic monitoring equipment, closed circuit televisions and motion detectors).)  Mr. Riccio contends this evidence does not support an inference that the guns were another tool used in furtherance of the operation.  I disagree.

The house was small, 30 feet by 30 feet, with two bedrooms in the back (See N.T. June 5, 2007, 20:18-25.)  The jury heard testimony that both Miller and Riccio were involved in the drug dealing.  Riccio was certainly familiar with what was in the house, given the close quarters and his demonstrated access to and control over the confined space.  The "explanation" that the .22 caliber gun was brought to the house by "Max" for Miller to repair apparently was not believable to the jury.

I find that the record contains sufficient evidence for the jury to draw an inference, as it is permitted to do, that Mr. Riccio knew of the firearms during the drug trafficking operation.  The substantial evidence of his involvement in the underlying drug trafficking operation rose to such a level that a reasonable jury could have convicted him under either 924(c)(1) theory discussed here.  Comparing the facts of Cunningham and the cases cited therein to Mr. Riccio's case, I do not feel the Third Circuit's holding can properly be extended to overturn the 924(c)(1) conviction on this record.

V.    **CONCLUSION**

I have carefully considered the arguments of both sides, and have viewed the facts presented to the jury in the light most favorable to the government, as I must do on a Rule 29 motion.  <u>See</u> <u>Giampa</u>, 758 F.2d at 934-935.  Based on my review of the record, and for the reasons stated herein, Mr. Riccio's motion is denied.  An appropriate Order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **CRIMINAL ACTION** |
| | **:** | |
| **v.** | **:** | **NO. 06-702-2** |
| | **:** | |
| **JOHN RICCIO** | **:** | |

## O R D E R

**AND NOW**, this 31st day of July, 2008, upon consideration of the defendant's

Motion for Reconsideration of Rule 29(c) Decision Concerning Count 5 (Document

#111), it is hereby **ORDERED** that:

(1)    Defendant's Motion for Reconsideration is **GRANTED**.

(2)    The defendant's request to vacate his conviction on Count 5 and for a

judgment of acquittal on Count 5 is hereby **DENIED**.

BY THE COURT:

 /s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.